Def

| STATE OF NORTH CAROLINA | File No. 15CV013639 |
|---|---|
| WAKE County | In The General Court Of Justice<br>☐ District  ☒ Superior Court Division |

| Name Of Plaintiff | |
|---|---|
| EDWARDS FAMILY PARTNERSHIP, LP | |
| Address | **CIVIL SUMMONS** |
| | ☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE) |
| City, State, Zip | |
| | G.S. 1A-1, Rules 3, 4 |
| **VERSUS** | |
| Name Of Defendant(s) | Date Original Summons Issued |
| DEBTX, LLC; LEED ENTERPRISES, LLC; PAUL D'AGNESE; | |
| DEBTX II, LLC and EXECUTIVE TRUST | Date(s) Subsequent Summons(es) Issued |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| EXECUTIVE TRUST | |
| 75 Fourteenth Street, 2710 | |
| Atlanta, GA 30309 | |
| Attention: Christopher T. Graham, Co-Trustee | |

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff) | Date Issued | Time | ☐ AM |
|---|---|---|---|
| CHARLES N. ANDERSON, JR. | OCT 08 2015 | | ☐ PM |
| P.O. BOX 33550 | Signature | | |
| RALEIGH, NC 27636 | | | |
| | ☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | | |

| ☐ ENDORSEMENT (ASSESS FEE) | Date Of Endorsement | Time | ☐ AM |
|---|---|---|---|
| This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Signature | | ☐ PM |
| | ☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | | |

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

AOC-CV-100, Rev. 6/11
© 2011 Administrative Office of the Courts                              (Over)

15CV013639

| | |
|---|---|
| STATE OF NORTH CAROLINA | FILED IN THE GENERAL COURT OF JUSTICE |
| | SUPERIOR COURT DIVISION |
| COUNTY OF WAKE | 15 CVS ____ |

2015 OCT -8  P 1:52

WAKE COUNTY, C.S.C.

BY: S.C.

EDWARDS FAMILY PARTNERSHIP, LP, )
                                   Plaintiff, )
                                   )
v.                                   )
                                   )     VERIFIED COMPLAINT
DEBTX, LLC; LEED ENTERPRISES, LLC; )
PAUL D'AGNESE; DEBTX II, LLC, and )
EXECUTIVE TRUST, )
                                   )
                               Defendants. )

Edwards Family Partnership, LP ("EFP"), complaining of the Defendants DebtX, LLC, LEED Enterprises, LLC, Paul D'Agnese, DebtX II, LLC and Executive Trust (collectively, the "Defendants"), alleges and states as follows:

## NATURE OF ACTION

Edwards Family Partnership, LP brings this action against the Defendants to recover on an unpaid loan.

## THE PARTIES

1. Edwards Family Partnership, LP is a limited partnership organized and existing under the laws of Delaware.

2. Upon information and belief, DebtX, LLC (hereafter, "DebtX") is a limited liability company organized and existing under the laws of the state of Delaware, with its principal place of business in Fulton County, Georgia.

3. Upon information and belief, LEED Enterprises, LLC (hereafter, "LEED") is a limited liability company organized and existing under the laws of the state of Delaware, with its principal place of business in Fulton County, Georgia.

4. Upon information and belief, Paul D'Agnese ("D'Agnese") is a citizen and resident of Atlanta. Georigia.

5. Upon information and belief, DebtX II, LLC (hereafter, "DebtX II") is a limited liability company organized and existing under the laws of the state of Delaware, with its principal place of business in Fulton County, Georgia.

6. Upon information and belief, Executive Trust (hereafter, "Executive") is a trust organized and existing under the laws of the state of Georgia, with its principal place of business in Fulton County, Georgia.

## VENUE AND JURISDICTION

7. This Court has a basis for jurisdiction pursuant to N.C. Gen. Stat. § 1-75.4(1) and/or N.C. Gen. Stat. § 1-75.4(7).

8. Venue is appropriate in Wake County under N.C. Gen. Stat. § 1-82.

## ALLEGATIONS

9. On or around June 24, 2011, EFP extended a loan to DebtX and Leed, which was governed and evidenced by a promissory note dated June 24, 2011, in the original principal amount of $2,000,000 (as amended, modified, extended, renewed or restated from time to time, the "Note"). A true and correct copy of the Note is attached as **Exhibit A** and incorporated herein by this reference.

10. D'Agnese guaranteed repayment of the Note pursuant to certain guaranty agreement dated June 24, 2011 (the "Guaranty"). A true and correct copy of the Guaranty is attached as **Exhibit B** and incorporated herein by this reference.

2

11. The obligations under the Note were secured in part by certain real property (the "Property") pursuant to the terms of a North Carolina Future Advance Deed of Trust recorded in Book CRP J-34, Page 2419, Macon County Registry (the "Deed of Trust").

12. The obligations under the Note were further secured by DebtX II's membership interests in DSG Executive Properties, LLC, a Georgia limited liability company, pursuant to the terms of a Pledge and Security Agreement dated June 24, 2011 executed by DebtX II (the "DebtX II Pledge Agreement."

13. The obligations under the Note were further secured by Executive's membership interests in Northern Aviation Unlimited, LLC, a Delaware limited liability company, pursuant to the terms of a Pledge and Security Agreement dated June 24, 2011 executed by Executive (the "Executive Pledge Agreement," and together with the DebtX II Pledge Agreement, being collectively referred to as the "Pledge Agreements").

14. EFP is the current owner and holder of the Note, Guaranty, Deed of Trust, Pledge Agreements, and all related loan documents (collectively, the "Loan Documents").

15. In addition, EFP is the holder of a Preferred Membership Interest in Defendant DebtX, and as such, EFP has certain rights and remedies pursuant to Section 3.10 of the DebtX Operating Agreement to unilaterally remove all managers of DebtX and to select a Replacement Manager to serve in that capacity until redemption of the Preferred Membership Interest and payment of all obligations of DebtX to EFP.

16. Defendants DebtX and LEED defaulted under the terms of the Loan Documents by failing to pay the amounts due and failing to pay the Note in full upon maturity.

17. EFP completed a foreclosure of the Deed of Trust.

18. After applying the proceeds from the sale of the Property at foreclosure, there is a deficiency balance due to EFP.

19. EFP notified the Defendants DebtX, LEED and D'Agnese of the defaults under the terms of the Loan Documents by a letter dated December 15, 2014 (the "Demand Letter") and therein demanded payment in full of the entire outstanding balance due and owing under the Loan Documents.

20. In the Demand Letter, EFP informed the Defendants DebtX, LEED and D'Agnese pursuant to N.C. Gen. Stat. § 6-21.2, that EFP intended to enforce the attorney's fees provisions of the Loan Documents unless the full amount due was paid within five days. The Defendants did not pay within the five day period, and EFP is therefore entitled to its reasonable attorney's fees in the amount of 15% of the outstanding balance owed under the Loan Documents.

21. After giving effect to the foreclosure, the aggregate balance due and owing to EFP by the Defendants DebtX, LEED and D'Agnese under the Loan Documents, as of July 26, 2015, is $2,097,694.00 plus reasonable attorneys' fees of 15% of the outstanding obligation.

22. Interest continues to accrue on the principal balance of the Note at the rate of 15% per annum, subject to the terms of the Loan Documents.

23. On information and belief, D'Agnese exercises complete control over the finances of DebtX and has operated DebtX in such a manner that DebtX is a mere instrumentality and alter ego of D'Agnese.

24. EFP alleges, on information and belief, that DebtX transferred substantial assets without receiving reasonable equivalent value in exchange for such transfers, and as a result the assets of DebtX have been significantly depleted.

25. Injustice will result to EFP if D'Agnese is allowed to operate DebtX as a mere instrumentality, and as a result avoid payment of the debts to EFP.

## Count One
### (Breach of Contract by DebtX and LEED under the Note and the Loan Documents)

26. EFP re-alleges all preceding paragraphs of this complaint and incorporates them herein by this reference.

27. Under the terms of the Note and Loan Documents, DebtX and LEED are liable to EFP, jointly and severally, for the entire balance due and owing under the Loan Documents in the principal amount of $2,097,694.00, accrued and unpaid interest at 15% per annum from and after July 26, 2015, and reasonable attorney's fees in the amount of fifteen percent (15%) of the outstanding balance.

## Count Two
### (Breach of Contract by D'Agnese under the Guaranty and the Loan Documents)

28. EFP re-alleges all preceding paragraphs of this complaint and incorporates them herein by this reference.

29. Under the terms of the Guaranty and the Loan Documents, D'Agnese is liable to EFP for the entire balance due and owing under the Loan Documents in the principal amount of $2,097,694.00, accrued and unpaid interest at 15% per annum from and after July 26, 2015, and reasonable attorney's fees in the amount of fifteen percent (15%) of the outstanding balance.

## Count Three
### (Declaratory Judgment Enforcing the Pledge Agreements)

30. EFP re-alleges all preceding paragraphs of this complaint and incorporates them herein by this reference.

31. Pursuant to the terms of the Pledge Agreements, DebtX II and Executive each agreed that upon a default under the Loan Documents, EFP has the right to take possession of

and sell the membership interests described in the Pledge Agreements (collectively, "Membership Interests").

32. EFP seeks a judicial determination of its right to take possession of and sell the Membership Interests.

33. A judicial declaration is necessary and appropriate at this time under all of the circumstances so that EFP may recover possession of the Membership Interests and proceed with the sale of the Membership Interests.

## Count Four
### (avoidance of transfers pursuant to N.C. Gen. Stat. § 39-23.5(a))

34. EFP re-alleges all preceding paragraphs of this complaint and incorporates them herein by this reference.

35. Upon information and belief, D'Agnese and DebtX, as his instrumentality, may have transferred of assets of DebtX in violation of N.C. Gen. Stat. § 39-23.5(a).

36. To the extent that D'Agnese and DebtX, as his instrumentality, transferred assets of DebtX without receiving reasonable equivalent value in exchange for such transfers, EFP is entitled to the remedies set forth in N.C. Gen. Stat. § 39-23.7, including avoidance of any fraudulent transfers as may have occurred to the extent necessary to satisfy EFP's claims against DebtX and D'Agnese as set forth herein; and an injunction against any further transfers of assets that could otherwise be used to satisfy the claims of EFP.

## MOTION FOR INJUNCTIVE RELIEF

37. EFP respectfully moves the Court to enter a temporary restraining order and a preliminary injunction pursuant to Rule 65 of the North Carolina Rules of Civil Procedure against D'Agnese and DebtX enjoining them from taking any action to transfer any of the assets

of DebtX that can be used to satisfy the claims of EFP pending the conclusion of this action on the merits. In support of this motion, EFP states as follows:

(A)  As shown in the Complaint, and as EFP will show at the hearing on this motion, EFP is likely to prevail on the merits in this action;

(B)  There is substantial risk that DebtX, with the participation of D'Agnese, will transfer assets of DebtX prior to the conclusion of this action;

(C)  The transfer of assets by DebtX would cause immediate and irreparable injury to EFP in that, among other harms, it would prevent EFP from having its debt satisfied by DebtX;

(D)  Any harm that might result to Defendants from the entry of a temporary restraining order and preliminary injunction as requested is outweighed by the immediate and irreparable harm that would result to EFP in the absence of a temporary restraining order and preliminary injunction; and

(E)  The granting of the preliminary injunction requested in this motion will maintain the status quo pending the conclusion of this action.

## PRAYER FOR RELIEF

WHEREFORE, EFP prays that it have and recover from the Defendants as follows:

1.  For judgment on Counts One and Two of its Verified Complaint, against the Defendants DebtX, LEED and D'Agnese, jointly and severally, in the amount of $2,097,694.00, plus accrued and unpaid interest at 15% per annum from and after July 26, 2015 until the date of entry of judgment, plus interest on the balance of such judgment at the legal rate from and after the date of entry of judgment, plus EFP's reasonable attorney's fees in the amount of fifteen percent (15%) of the total amount outstanding as of the date of entry of judgment;

2.  Pursuant to Count Three of this Verified Complaint, that the Court declare that EFP have the right of possession of the Membership Interests; and that EFP have the right to sell the Membership Interests in accordance with North Carolina law and apply the proceeds to the amounts owed to EFP;

3.  For the remedies set forth in N.C. Gen. Stat. § 39-23.7, including avoidance of the any fraudulent transfers as may have occurred from DebtX to the extent necessary to satisfy EFP's claims against DebtX and D'Agnese as set forth herein when such claims have been reduced to judgment;

4.  For the entry of a temporary restraining order and preliminary injunction enjoining D'Agnese and DebtX from taking any action to transfer any remaining assets of DebtX that can be used to satisfy the claims of EFP pending the conclusion of this action on the merits;

5.  That EFP recover its costs in this matter; and

6.  That EFP have and recover such other and further relief as the Court may deem just and proper.

This the ___ day of October, 2015.

ELLIS & WINTERS LLP

_____
Charles N. Anderson, Jr.
NC State Bar No. 13396
Post Office Box 33550
Raleigh, North Carolina 27636
Telephone:   (919) 865-7000
Facsimile:   (919) 865-7010
chuck.anderson@elliswinters.com

STATE OF MARYLAND

COUNTY OF Baltimore City

VERIFICATION

Charles Edwards, being duly sworn, deposes and says that he is the general partner of Edwards Family Partnership., LP, the Plaintiff named in the foregoing Complaint; that he has read the foregoing Complaint and knows the contents thereof; and that to the best of his knowledge and belief, the foregoing document is true, except as to those things stated upon information and belief, and as to those, he believes them to be true.

_____
Charles Edwards

Sworn to and subscribed before me
this 5th day of September, 2015.

_____
Notary Public

Diann M. Braswell
Printed

My Commission Expires:
April 26, 2018

[NOTARY SEAL]

DIANN M BRASWELL
Notary Public
Baltimore City
Maryland
My Commission Expires April 26, 2018

9